IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                       09-cr-14-bbc-01

JEFFREY PEARSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Jeffrey Pearson's supervised release was held on April 10, 2009, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney Grant C. Johnson. Defendant was present in person and by counsel, Michael W. Lieberman.  Also present was Senior United States Probation Officer Helen Healy Raatz.

      From the record I make the following findings of fact.

FACTS

      Defendant was sentenced in the District of Wyoming on September 21, 2007, following his conviction for bank fraud, in violation of 18 U.S.C. § 1344.  This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of nine months, with a 36-month term of supervised release to

follow.

Defendant began his term of supervised release on December 16, 2008. Jurisdiction was transferred to the Western District of Wisconsin on February 10, 2009. Defendant violated his special condition of release requiring attendance at AA meetings and obtaining a sponsor within 30 days of his release from custody. As of this date, defendant has not attended any AA meetings or secured a sponsor. Defendant violated his special condition requiring participation in anger management treatment, when he failed to participate in anger management treatment, as instructed on March 2, 2009. Defendant violated his special condition requiring participation in a public law placement, when on March 25, 2009, he was discharged from Rock Valley Community Programs in Janesville, Wisconsin, before completing the program because of his noncompliance with the center's rules and regulations.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

## CONCLUSIONS

Defendant's Grade C violations warrant revocation of supervision. Defendant has not

2

made a good-faith effort to comply with special conditions of supervision. He has not attended self-help groups, participated in anger management treatment, obtained a sponsor or completed the public law placement. Defendant exhibited disruptive behavior at the residential reentry center. His escalating disrespectful behavior jeopardized the operation of the agency and the safety of its residents and staff. Defendant's resistence to anger management treatment and his continued noncompliant behavior demonstrates that he is not ready to be in the community and should return to custody.

Defendant's criminal history category is III. With Grade C violations, defendant has an advisory guideline range of imprisonment of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range. This sentence is intended to reflect the seriousness of defendant's non-compliance with the conditions of release and protect the community from further criminal behavior by defendant. It should also provide defendant an opportunity to begin anger management treatment through the Bureau of Prisons.

3

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 21, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 8 months. A sentence within the policy guideline imprisonment range is warranted to provide sufficient time to begin anger management treatment, complete a series of mental health examinations through the Bureau of Prisons and have an adequate term of supervision afterwards to continue treatment. Defendant is committed to the custody of the Bureau of Prisons for a term of 8 months. I recommend that the Bureau of Prisons carry out a mental health assessment and psychological/psychiatric evaluation of defendant and that he participate in anger management treatment. The Bureau of Prisons is to provide a copy of the mental health assessment and psychological/psychiatric evaluation to the U.S. Probation Office in the Western District of Wisconsin. A 25-month term of supervised release will follow custody. All standard and special conditions of supervised release previously imposed shall remain in effect.

4

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 10th day of April 2009.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> Chief District Judge

5